ALEX G. TSE, CSBN 152348
Acting United States Attorney
DEBORAH LEE. STACHEL, CSBN 230138
Regional Chief Counsel
DANIEL P. TALBERT, SNB OH 0084088
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8995
    Facsimile: (415) 977-8873
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LEIGH HEATHERSTORM,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 3:16-cv-02196-MMC<br><br>STIPULATION AND ~~PROPOSED~~ ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses under the EAJA in the amount of FIVE THOUSAND NINE HUNDRED dollars ($5,900). This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor the assignment will depend on whether the fees, expenses are subject to any offset allowed under the United

States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Kenneth Collins, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted January 25, 2018.

DATED: January 25, 2018  */s/ Kenneth Collins*
KENNETH COLLINS
(as authorized by email)
Attorney for Plaintiff

ALEX G. TSE
Acting United States Attorney

DATED: January 25, 2018   By   *s/ Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

Attorneys for Defendant

### ORDER

Pursuant to stipulation, it is so ordered.

DATE: January 25, 2018

HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE